IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1221-E-BN |
| | § | |
| ELLIS COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Linda Lewis filed a *pro se* complaint under 42 U.S.C. § 1983 against Ellis County, the Waxahachie Police Department, and unidentified individuals. *See* Dkt. No. 3. And United States District Judge Ada Brown referred Lewis's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Lewis paid the statutory filing fee and, by doing so, undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See* FED. R. CIV. P. 4(j) (setting forth procedures for serving state and local governments); FED. R. CIV. P. 4(e) (setting forth procedures for serving individuals); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-governmental defendants waive service); *but see Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (state official sued in official capacity not subject to "mandatory waiver obligations" of Rule 4(d)).

Lewis filed documents purporting to be proofs of service for Ellis County and the Waxahachie Police Department. *See* Dkt. Nos. 9, 10. But the documents indicate that both were served on the same person despite the fact that the Waxahachie Police Department is not part of Ellis County. *See id.* And the address provided by Lewis for both summonses is the Ellis County Courthouse. *See* Dkt. No. 5.

Ellis County moved to dismiss the complaint. *See* Dkt. Nos. 11, 12. Lewis responded. *See* Dkt. No. 14. And the County replied. *See* Dkt. No. 15.

Lewis has also filed a motion for an emergency hearing and a motion seeking "a court order directing Ellis County and its officials to cease retaliation, harassment, and interference with Plaintiff's rights." *See* Dkt. No. 19, 21. The undersigned construes these motions as motions for injunctive relief. Ellis County responded. *See* Dkt. No. 22. And Lewis replied. *See* Dkt. No. 23. Lewis also filed a notice of supplemental facts and continuing violations with her motions for injunctive relief. *See* Dkt. No. 20.

For the reasons and to the extent set out below, the undersigned recommends that the Court grant the motion to dismiss the complaint against Ellis County. Further, the undersigned recommends that the Court dismiss the claims against the Waxahachie Police Department without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) and dismiss the claims against the unnamed individual defendants as frivolous. And the undersigned recommends denying the construed motions for injunctive relief and any other pending motions for relief.

## I. Ellis County's Motion to Dismiss Should Be Granted.

### Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random

puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

### Analysis

"Municipalities can be held liable for violating a person's constitutional rights under § 1983." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020) ("*Sanchez*

*II*”) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

And the general pleading standards set out above apply to such a claim against a municipality. *See Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021) (“There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face.” (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

But a county “cannot be held liable under § 1983 unless ‘execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.’” *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell*, 436 U.S. at 694). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] “(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).” *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable “on the theory of respondeat superior” and are “almost never liable for an isolated unconstitutional act on the part of an employee.” *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court “need not consider whether [his] claim also fails the other two *Monell* prongs” (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

“Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form

of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted).

And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" *Pinedo v. City of Dall.*, 3:14-cv-958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 582 (5th Cir. 2001)). A pattern requires "sufficiently numerous incidents," as opposed to "isolated instances." *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989) (cleaned up).

And allegations "limited to the events surrounding the plaintiff" cannot constitute "an allegation of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, as such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of

similar violations," *Johnson,* 83 F.4th at 947 (emphasis in original).

> [Instead, a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. That knowledge, coupled with a failure to act, can show the existence of a municipal policy.

*Robinson v. Midland Cnty.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up).

And, regardless of the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of culpability 'deliberate indifference' requirement must not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 415 (1997))).

Lewis does not identify any written policy of Ellis County that allegedly was the moving force behind the constitutional violations she alleges. And she also does not sufficiently plead a custom because many of Lewis's allegations relate to actions of Waxahachie police officers, not employees of Ellis County. And, with respect to the allegations as to Ellis County judges in the complaint, she has not sufficiently pled a

widespread pattern that goes beyond events surrounding her.

And, although Lewis attempts to add additional allegations and claims in her response to Ellis County's motion to dismiss, *see* Dkt. No. 14, those allegations and claims are not part of the complaint. *See Roebuck v. Dothan*, 515 F. App'x 275, 280 (5th Cir. 2013) ("When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint." (citing *Kennedy v. Chase Manhattan Bank*, 369 F.3d 833, 839 (5th Cir. 2004); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"))).

But, even if she had filed these new allegations in an amended complaint, the new allegations also fail to allege a claim under *Monell* for the same reasons as the claims in the complaint. And the same is true for the allegations in Lewis's notice of supplemental facts and continuing violations. *See* Dkt. No. 20.

And, so, the Section 1983 claim against Ellis County should be dismissed for this reason alone. And, because Lewis fails to plausibly allege an official policy or custom of Ellis County, the Court need not take up the remaining prongs of *Monell*. *See Brown*, 985 F.3d at 497 & n.11; *Zarnow*, 614 F.3d at 168-69.

Lewis also briefly mentions a claim under Title VI in the heading with her equal protection claim. *See* Dkt. No. 3 at 4. But she does not even conslusorily plead the elements for a Title VI claim. The pleadings are not sufficient to state a Title VI claim. *Cf. Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 705-06 (5th Cir. 1994) (inferring that "district court did not believe Plaintiffs had

asserted a claim under Title VI" where complaint contained only passing references to Title VI claim and did not allege essential elements).

## II. The Claims Against The Waxahachie Police Department Should Be Dismissed Under Federal Rule Of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte,* for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China*

*Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court provided Lewis notice and also directed her to the provisions of Rule 4. *See* Dkt. No. 6. And Ellis County's brief in support of its motion to dismiss further informed Lewis that it was not the proper party to serve on behalf of the Waxahachie Police Department. *See* Dkt. No. 12 at 1 n.1.[1]

The Waxahachie Police Department is not a servient agency or department of Ellis County, so serving the summons and compliant on Ellis County was improper. But despite the fact that Ellis County's filings informed Lewis it was not the proper party to serve more than two months before her deadline to effect service, Lewis has not filed anything with the Court or otherwise taken steps to correct the error.

---

[1] And Ellis County's brief also correctly notes that the Waxahachie Police Department is likely a non-jural entity not subject to suit. *See Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (servient agency or department cannot be sued unless it "enjoy[s] a separate legal existence" because "true political entity has taken explicit steps to grant the servient agency with jural authority").

But, affording some leniency, given her *pro se* status, the time to file objections to this recommendation (explained below) provides Lewis the opportunity to show, in writing, both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service.

## III. The Claims Against the Unidentified Individuals Should Be Dismissed

And, as to Lewis's general inclusion of "John and Jane Does," the only description or allegations provided are that they "are individual officers and/or officials whose identities are currently unknown but who acted under color of law and within the scope of their employment." *See* Dkt. No. 3 at 3.

"Generally, Section 1983 claims must be asserted against identified persons, rather than 'John Doe' defendants." *Gibson v. Gusman*, No. 14-cv-2273, 2015 WL 5060854, at *3 (E.D. La. Aug. 18, 2015). "The federal rules make no provision for joining fictitious or 'John Doe' defendants in an action under a federal statute." *Staritz v. Valdez*, No. 3:06-cv-1926-D, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *see also Francis v. Terrebonne Parish Sheriff's Office*, No. 08-cv-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009) (stating that "a § 1983 action must be filed against an actual identified person"); *Vollmer v. Bowles*, No. 3:96-cv-81-D, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997) ("Neither the Federal Rules of Civil Procedure nor 42 U.S.C. § 1983 provides authority for joining fictitious defendants in this suit. The rules make no provision for the naming of 'Does' and later substituting a real person's name."). And such unidentified defendants cannot be served until they are able to be identified.

So the claims against the unidentified John and Jane Doe Defendants should be dismissed as frivolous.

But, affording some leniency, given her *pro se* status, the time to file objections to this recommendation (explained below) provides Lewis the opportunity to identify the unnamed defendants and seek leave to amend the complaint to assert claims and specific allegations against identified defendants.

## IV.    The Court Should Deny Any Request for Injunctive Relief.

Temporary restraining orders and preliminary injunctions are "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted). The United States Court of Appeals for the Fifth

Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

For all the reasons stated above, Lewis has not shown a substantial likelihood of success on his claims, so the Court should deny her construed motions for injunctive relief. *See Bluefield Water Ass'n*, 577 at 252-53.

### Recommendation

The Court should grant Defendant Ellis County's motion to dismiss and dismiss Plaintiff Linda Lewis's claims against Ellis County with prejudice. Further, the Court should dismiss the claims against the Waxahachie Police Department without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b), dismiss all claims against John and Jane Doe defendants as frivolous, and deny Lewis's construed motions for injunctive relief [Dkt. Nos. 19, 21] and any other pending requests for relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

- 13 -

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 12, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE