IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1221-E |
| | § | |
| ELLIS COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Lewis filed a *pro se* complaint under 42 U.S.C. § 1983 against Ellis County, the Waxahachie Police Department, and unidentified individuals. *See* Dkt. No. 3. Lewis paid the filing fee and filed documents purporting to be proofs of service for Ellis County and the Waxahachie Police Department, but the documents were both served on the same person at the Ellis County Courthouse despite the fact that the Waxahachie Police Department is not part of Ellis County. *See* Dkt. Nos. 5, 9, 10.

Ellis County moved to dismiss the complaint, *see* Dkt. Nos. 11, 12, and the motion was fully briefed, *see* Dkt. Nos. 14, 15. The magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court grant the motion to dismiss the complaint against Ellis County and that the Court dismiss the claims against the Waxahachie Police Department without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) and dismiss the claims against the unnamed individual defendants as frivolous [Dkt. No. 25] (the "FCR").

Lewis filed objections, *see* Dkt. Nos. 26, 27, but the Court accepted the FCR and entered judgment on January 30, 2026, *see* Dkt. Nos. 28, 29.

On February 6, 2026, Lewis filed a motion to vacate the judgment under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). *See* Dkt. No. 30. Because the motion was filed within 28

days of the judgment, the Court will treat it as though it was filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (A motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." (citation omitted)); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting

> manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, Lewis fails to show a basis for this remedy. Controlling law has not changed since the Court entered judgment; she presents no newly discovered evidence that could question the correctness of the judgment; nor does she show that the Court need correct a manifest error of law or fact.

In sum, Lewis offers no compelling reasons to reconsider the Court's decision to dismiss her claims. Therefore, the Court DENIES her post-judgment motion construed as a motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 30].

SO ORDERED this 4th day of March, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE